UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MARIA SOFIA GONZALEZ DE HERRERA,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC.<br><br>Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Maria Sofia Gonzalez De Herrera, against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## PARTIES

2. Plaintiff Maria Sofia Gonzalez De Herrera is an adult individual residing in the state of Florida.

3. Defendant LexisNexis Risk Solutions Inc., ("LexisNexis"), is a consumer reporting agency which regularly conducts business in the Northern District of Georgia, and which has a principal place of business located at 1000 Alderman Drive, Alpharetta, GA 30005.

1

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's identity and insurance records ("inaccurate information") from at least July 2024 through present.

7. The inaccurate information includes, but is not limited to, the reporting of automobile insurance claims, addresses, online marketing records, property deed records, property assessor records, insurance policy records, inquiry records, and personal identifying information such as social security numbers.

8. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's driving and insurance claims history, Plaintiff's financial responsibility as a consumer and Plaintiff's worthiness for automobile insurance coverage and competitive automobile insurance rates.

9. The inaccurate information consists of eight (8) different addresses, twenty-two (22) associated characteristic addresses, and three (3) property deed records, seven (7) property assessor records, four (4) insurance policy records, four (4) automobile insurance records, one (1) social security number, several inquiry

records, and multiple telephone numbers that do not belong to the Plaintiff, and that actually belong to another consumer with a different name. Due to Defendant's faulty procedures, Defendant mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

10. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown, from at least June 2023 through the present.

11. Plaintiff has disputed the inaccurate information with LexisNexis by following LexisNexis's established procedures for disputing consumer credit information.

12. Plaintiff has disputed the inaccurate information with LexisNexis from July 2024 through the present.

13. Notwithstanding Plaintiff's efforts, LexisNexis has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and LexisNexis continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. LexisNexis has repeatedly published and disseminated consumer reports to such third parties from at least July 2024 through the present.

14. Despite Plaintiff's efforts, LexisNexis has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded all relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents.

15. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations and/or investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the derogatory inaccurate information about the Plaintiff.

16. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of automobile insurance rate increase or loss of automobile insurance opportunity, defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

17. Plaintiff has been informed that the basis and/or substantial factor for those denials was the inaccurate information that appears on Plaintiff's consumer reports.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT 1 – VIOLATIONS OF THE FCRA
### (PLAINTIFF V. LEXISNEXIS)

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. At all times pertinent hereto, LexisNexis was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

22. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the

requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

25. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

26. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

                Respectfully submitted,

                **WEINER & SAND LLC**

BY:   */s/ Jeffrey Sand*
        Jeffrey B. Sand
        Andrew L. Weiner
        800 Battery Avenue SE
        Suite 100
        Atlanta, GA 30339
        (404) 205-5029
        js@wsjustice.com
        aw@wsjustice.com

        */s/ Joseph L. Gentilcore*
        Joseph L. Gentilcore
        Francis Mailman Soumilas, P.C.
        1600 Market Street
        Suite 2510
        Philadelphia, PA 19103
        (215) 735-8600
        jgentilcore@consumerlawfirm.com
        *(pro hac vice application forthcoming)*

        *Attorneys for Plaintiff*

Dated: January 21, 2025